IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, #272473, | ) C/A No.: 0:09-2264-RBH-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Linda K. Shirley; Tarcia L. James; Angela T. Smalley; Dawn R. Hampton; CPL/Officer Straker; Christina J Catoe; and Lieutenant Thompson, | ) |
| Defendants. | ) |

The plaintiff, Trovon Aquarius Keith, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a state prisoner and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner alleges that he has been slandered, that excessive force was used against him, that he was denied medical care, and that his legal documents were confiscated from him, causing him mental distress. He seeks damages.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

Page 2 of 7
PJG

in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff claims that Defendant Shirley told several employees of McCormick Correctional Institution ("MCI") that plaintiff ". . . wrote her a letter with sexual and vulgar content in it." (Compl., Docket Entry 1 at 4.)  Plaintiff denies he wrote the letter, and he claims Defendant Shirley told members of the mental health staff to take the plaintiff off of his medication, Tegretol.  (Id.)

Plaintiff also claims that Defendant James slandered his name when she told MCI employees that he wrote ". . . indecent, vulgar sexual letters . . ." to several nurses.  He claims Defendant James told the Human Services Coordinator, not a party to this action, to discontinue plaintiff's Tegretol so the nurses would not ". . . have to come around me." Plaintiff alleges Defendant James slandered his name and he maintains that he was not ". . . convicted/found guilty of doing what I was accused of . . ."  Plaintiff alleges he has suffered mental distress as a result of these incidents.  (Id.)

Plaintiff states Defendant Smalley slandered him by stating that he wrote inappropriate letters to several nurses which were sent through the institutional mail



system. He claims Defendant Smalley also asked that his Tegretol be discontinued. He says this has caused him mental distress. (Id. at 4-5.)

Additionally, plaintiff alleges that Defendant Hampton submitted a false affidavit in another lawsuit, thereby slandering him and causing him mental distress. (Id. at 5.)

Plaintiff also sues Defendant Catoe, who represented the State at his post-conviction relief hearing. He claims she "did not tell judge that appeal courts reviewed my case (transcript) and transcript was incomplete", which plaintiff claims has caused him "mental problems." (Id.)

Plaintiff alleges that Defendant Straker used excessive force against him "for no reason", and told MCI employees to deny him medical care. Plaintiff also claims that Defendant Thompson improperly confiscated his legal documents. (Id. at 5-6.)

The plaintiff cannot recover damages from any defendant for mental problems or distress. There is no constitutional right to be free from emotional distress, and, hence, there is no liability under Section 1983 regarding such a claim. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989) (although § 1983 does not create a cause of action for emotional distress, emotional distress may be actionable under state law).

Emotional distress is a cause of action under South Carolina law, and would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is therefore lacking. Thus, the plaintiff is in the incorrect forum.

Additionally, any of plaintiff's claims relating to defamation and slander are subject to summary dismissal because defamation of character or of reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). Furthermore, civil rights statutes, such as 42 U.S.C. § 1983, do not impose liability for violations of duties of care arising under a state's tort law. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203 (1989).

As for Defendant Catoe, absolute immunity ". . . is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" See Buckley v. Fitzsimmons, 509 U.S. 259 (1993) citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Burns v. Reed, 500 U.S. 478 (1991).

Finally, as it applies to Defendant Hampton, the statements made in an affidavit would be privileged, having been made public only upon the institution of the civil action and being relevant to the issue before this court. As stated in Borg v. Boas, 231 F.2d 788

(9th Cir. 1956): "[t]he information given to a prosecutor by a private person for the purpose of initiating a prosecution is protected by the same cloak of immunity and cannot be used as a basis for an action for defamation." Borg, 231 F.2d at 794.

### RECOMMENDATION

Accordingly, the court recommends that all the defendants in the above-captioned case be dismissed without prejudice and without issuance and service of process, **except for Defendants Straker and Thompson**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 7, 2009
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).